UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON MONROE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV1049 DDN |
| HERBERT L. BERNSEN, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a pretrial detainee at the St. Louis County Justice Center (the "Center"), brings this action under 42 U.S.C. § 1983 against fourteen officials at the Center. He seeks monetary and injunctive relief. After review, the Court finds that the complaint should issue as to defendants Herbert Bernsen, Lillie Hopkins, Milton Mitchell, Unknown Lt. Davis, Unknown Lt. Woods, Unknown (Caseworker) Fitzgerald, and Unknown (Caseworker) Sanchez. The remaining defendants are dismissed without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff's complaint is comprised of twelve separate claims. In claim one, plaintiff alleges that defendants Herbert Bernsen and Milton Mitchell caused him to have chronic sleep deprivation by leaving a light on overnight and forcing him to sleep in a "boat" on the floor within less than a foot from a toilet. Plaintiff also claims that the prisoners' clothes are not washed properly, that the food is not prepared properly, and that the toilets are not available often enough. Plaintiff says he has not been given adequate dental care, which has resulted in lost teeth from abscesses. He also claims he has been deprived of sunlight for about thirty-eight months, which has led to a myriad of physical and mental problems.

Plaintiff's claims regarding his sleep deprivation, lack of dental care, and deprivation of sunlight all state plausible claims for relief under § 1983. As a result, defendants Bernsen and Mitchell will be required to respond to these claims. Plaintiff's claims regarding prisoners' clothing, food preparation, and toilets, however, are too vague to state a claim for relief, and these claims are dismissed for failure to state a claim upon which relief can be granted.

In claim two, plaintiff claims that defendants Lillie Hopkins and Major Howard allowed officers under their supervision to "punish" him for speaking during meals, for speaking while in line for razor pass, and for speaking while watching television. Plaintiff says that in one instance defendant Perry threatened to "make inmates 'sleep with the fishes' for talking in the medicine line." Otherwise, plaintiff does not specify what punishment he was subjected to.

Plaintiff's unspecified claims regarding "punishment" are too vague to support a claim under § 1983. Moreover, threats alone do not rise to the level of a constitutional violation. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). Therefore, claim two fails to state a claim upon which relief can be granted.

In claim three, plaintiff alleges that defendants Bernsen and Mitchell do not allow him to receive magazines such as XXL, Maxim, the Evening Whirl, and many others. After review, the Court finds that this claim states a plausible claim for relief, and Bernsen and Mitchell will be required to respond to this claim.

In claim four, plaintiff asserts that defendant Hopkins denied him access to mail containing public records. This claim also states a plausible claim for relief, and Hopkins will be required to respond to this claim.

In claim five, plaintiff says that Lt. Perry violated his and other prisoners' rights by refusing to allowing "inmate workers" to correspond with female inmates while working on the fourth floor, which is presumably where the female prisoners are housed. He does not allege, however, that he has any established relationship with a female inmate. Nor does he allege that he has been prevented from sending regular mail to an inmate with which he has a relationship. He says Perry threatened to remove him from his prison job, remove him from the fourth floor, and place him on lockdown if he failed to comply.

Based on the Court's "judicial experience and common sense," the Court finds that claim five does not rise to the level of plausibility. *Iqbal*, 566 U.S. at 679. This claim is contingent on plaintiff's status as a worker in an area where there are female prisoners. It appears he wishes to pass them notes while he is working. This implicates serious security interests, and it also raises

3

safety concerns for the female inmates. The consequences of losing his prison job and being removed from the fourth floor do not implicate the constitution. *E.g., Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (a prisoner has "no constitutional right to a particular prison job."). Plaintiff has not alleged that he has been prohibited from corresponding with a family member or other person with whom he has a relationship. As a result, plaintiff has not implicated a constitutional right, and this claim fails to state a claim upon which relief can be granted.

Moreover, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). The Court has found no federal precedent finding that male prison workers have a right to pass correspondence to female inmates while performing their duties as workers. Even if a constitutional right is implicated here, it is not a clearly established right. *E.g. Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (clearly established requirement). Therefore, Perry is entitled to qualified immunity on this claim.

In claim six, plaintiff alleges that defendants Hopkins, Bernsen, Howard, and Hayward retaliated against him for having filed grievances by moving him to a higher classification level (from housing unit 4A to 5B). Defendants' stated reason for moving him to the higher level was that he had been at the Center for a long time and that he may have formed a relationship with a correctional officer that resulted in favoritism. Plaintiff believes that the reclassification was punishment.

To succeed on a § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action

4

against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004), *cert. denied*, 546 U.S. 860 (2005).

Plaintiff has failed to show that defendants took an adverse action against him in retaliation for engaging in a protected activity. He has not alleged that being placed at a higher classification level deprived him of any privileges or rights. Nor has he alleged that he was subjected to any atypical prison conditions as a result of the reclassification. The allegations are vague and conclusory, and they fall short of showing that the reclassification would chill a person of ordinary firmness from engaging in the grievance system. As a result, claim six fails to state a claim upon which relief can be granted.

In claim seven, plaintiff claims that Lt. Woods retaliated against him for filing grievances by having him fired from his prison job. The Court finds that this claim states a plausible claim for relief, and Woods will be required to respond to this claim.

In claim eight, plaintiff alleges that Davis retaliated against him by showing his grievance to another inmate, which caused him to be labeled a snitch. The Court finds that this states a plausible claim for relief, and Davis will be required to respond to this claim.

In claim nine, plaintiff asserts that defendants Mrs. Sanchez and Mrs. Fitzgerald violated his right of access to the courts because they did not provide a proper law library. He says he has not been able to file a proper claim about the property that was seized from him during his arrest, and he claims he has suffered severe financial loss as a result.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has alleged harm to a contemplated legal claim. As a result, the Court will require defendants Sanchez and Fitzgerald to respond to this claim.

5

In claim ten, plaintiff says that Fay Crancer and Rita Hendrix, who are administrators of the Health Clinic, failed to properly respond to his grievances.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). As a result, claim ten does not state a claim upon which relief can be granted.

In claim eleven, plaintiff alleges that defendants Bernsen, Hopkins, and Mitchell "failed to provide a clean and healthy environment." He says that the showers had black mold in them, that the security screens had dust on them, and that there was no filtration system in the recreation area. He has not alleged that he suffered any injury as a result of these conditions. These allegations are vague, and without any allegations of harm, they fail to state a claim under § 1983.

Finally, in claim twelve, plaintiff claims that during visits the inmates are confined in rooms measuring four-by-four feet and without any ventilation. He says that they are often left there by staff long after the visits are over, and he claims the rooms do not have an intercom.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that any of the defendants were directly involved in or personally responsible for the alleged conditions of the visitation rooms. As a result, claim twelve fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on defendants Herbert Bernsen, Lillie Hopkins, Milton Mitchell, Unknown Lt. Davis, Unknown Lt. Woods, Unknown (Caseworker) Fitzgerald, and Unknown (Caseworker) Sanchez.

**IT IS FURTHER ORDERED** that defendants Major Howard, Unknown Hayward, Unknown Perry, Steve Timmons, Fay Crancer, Linda Hendrix, and Rita Hendrix are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 29th day of October, 2015.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE