# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 1049 DDN |
| | ) | |
| HERBERT L. BERNSEN, | ) | |
| LILLIE HOPKINS, MILTON MITCHELL, | ) | |
| JEANNE FITZGERALD, BRIAN DAVIS, | ) | |
| ALEXIS WOODS, and KAREN SANCHEZ | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on (a) plaintiff's pro se letter to the court requesting a subpoena to obtain certain evidentiary materials from defendants (Doc. 45), and (b) defendants' motion for a protective order (Doc. 46).

In his first amended complaint, plaintiff Jason Monroe seeks relief under 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement in the St. Louis County Justice Center. (Doc. 11.) After initial review of plaintiff's complaint, the court determined that process should issue for the claims plaintiff brings against defendants Herbert Bernsen, Lillie Hopkins, Milton Mitchell, Brian Davis, Alexis Woods, Jeanne Fitzgerald, and Karen Sanchez. (Doc. 13.) These claims are organized as follows:

Count 1 against defendants Bernsen and Mitchell for conditions causing sleep deprivation, lack of dental care, deprivation of sunlight, and the failure to receive certain magazines;

Count 2 against defendant Hopkins: for deprivation of the access to mail containing certain public records;

Count 3 against defendant Davis: for retaliating against plaintiff by showing plaintiff's grievance to another inmate, thereby labeling plaintiff as a "snitch";

Count 4 against defendant Woods: for retaliating against plaintiff, by having him fired from his prison job, for filing grievances; and

Count 5 against defendant Fitzgerald and Sanchez for depriving plaintiff of access to the courts by not providing him a proper law library, which resulted in his not being able to file a proper claim for property seized during his arrest.

## I. PLAINTIFF'S DISCOVERY REQUESTS

Plaintiff seeks the issuance of a subpoena to defendants for the production of six categories of evidentiary materials. The court considers this a motion to compel production under Federal Rule of Civil Procedure 37. Castro v. United States, 540 U.S. 375, 381-82 (2003) (a pro se litigant's pleadings should be considered liberally). Plaintiff seeks 6 categories of materials: (1) all grievances sent to, responses to grievances from, and plaintiff's correspondence with defendants Hopkins, Bernsen, and Mitchell, and a Ms. Childrey; (2) all copies of invoices and purchase orders for light bulbs used for cell lighting between 2012 and 2015; (3) a copy of plaintiff's "inmate file," including his sick call records, his medical records and his dental records; (4) a copy of his inmate request forms, i.e. caseworker slips; (5) copies of all of Ms. Sanchez's inmate request lists from May to November 2015; and (6) contact information for ex-officers Morris and Moe Lewis.

Defendants argue that plaintiff's motion should be denied and they should be granted a protective order shielding them from these discovery requests. Defendants also argue that plaintiff has not provided them with discovery materials they requested from him; that his requests are objectionable, because they are burdensome, oppressive, not relevant to his facts and claims, not calculated to lead to the discovery of admissible evidence, prohibitively costly, and would possibly violate the privacy rights and safety of other inmates. (Doc. 46.)

The court must compare plaintiff's requests for production against the established standard for pretrial discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2015).

Applying this standard to plaintiff's six requested categories of information, the court concludes that defendants must produce:

Regarding category (1) copies only of the documentary grievances that plaintiff filed while incarcerated in the St. Louis County Justice Center, the Justice Center's dispositions of these grievances, and all correspondence between plaintiff and defendants Hopkins, Bernsen, and Mitchell, and Ms. Childrey regarding plaintiff's grievances; and

Regarding category (2), copies of representative documents (not all documents in the Justice Center's possession) indicating the types of lighting used in the vicinity of the cells in which plaintiff was housed; and

Regarding category (3), from defendant's inmate file copies of plaintiff's sick call records, his medical records, and his dental records; and

Regarding category (4), copies of plaintiff's inmate request forms and the Justice Center's documents responding thereto.

Regarding category (5), the court has not been provided any basis for concluding that all of defendant Sanchez's inmate request lists are relevant to plaintiff's claims. This category of information is denied. And regarding category (6), the court has not been provided any basis for concluding that ex-officers Morris and Lewis have information relevant to plaintiff's claims or the defendants' defenses. This category is also denied.

For the court to consider future requests for relief regarding pretrial discovery, the court will require the parties to comply with Eastern District of Missouri Local Rule 3.04, which requires the parties to attempt to settle their discovery disputes, before filing motions for relief. The current papers before the court do not indicate they exhausted available opportunities to confer by mail in an attempt to resolve such matters.

A pro se litigant is not permitted to ignore procedural requirements including the federal rules of civil procedure and the local rules. Thomas v. Northern, No. 1:07 CV 114 CAS, 2008 WL 163562, at * 1 (E.D. Mo. Jan. 16, 2008) (citing Am. Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61) (8th Cir. 1988)). The Court understands that plaintiff cannot confer with defendants' attorneys by telephone or in person, but he can correspond with them by mail.

## II.     DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants move for a protective order that protects them from having to produce paper copies of the documents requested by plaintiff. Defendants also assert that they have provided materials to plaintiff, but that he has failed to respond to their requests. Furthermore, defendants assert that defense counsel has spoken to plaintiff's mother and she is willing to make copies and assist in plaintiff's case. Therefore, they should be relieved of assisting plaintiff in making paper copies of produced materials.

If plaintiff fails to comply with discovery requests, as defendants argue, defendants may seek relief under the Federal Rules of Civil Procedure, after an appropriate effort to settle the discovery dispute. If plaintiff has not been truthful with the court on various matters. Defendants may seek relief for such under Federal Rule of Civil Procedure 11(b).

Finally, defendants argue that plaintiff's mother should suffice as an intermediary for plaintiff regarding this litigation. Plaintiff's mother is not a party to this lawsuit nor is she plaintiff's attorney. Nevertheless, she may facilitate plaintiff's prosecution of this case in ways that do not violate the law.

That said, defendants may not designate her as *their* agent for making copies of documents for plaintiff. Because plaintiff is incarcerated, his access to electronic devices and other methods of communication and copying of documents are necessarily limited. Therefore, unless copying of discoverable material is unduly burdensome, defendants must provide it in paper form to plaintiff.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery (Doc. 45) is sustained in that defendants, must provide plaintiff with a paper copy of documents described in categories (1), (2), (3), and (4) within 30 days of this date.

**IT IS FURTHER ORDERED** that defendants' motion for a protective order (Doc. 46) is denied without prejudice.

**THE COURT REMINDS THE PARTIES THAT, PURSUANT TO THE CASE MANAGEMENT ORDER, ANY MOTION FOR SUMMARY JUDGMENT MUST BE FILED NOT LATER THAN JUNE 1, 2016.**

              /S/   David D. Noce              
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 25, 2016.